FILED
VANESSA L. ARMSTRONG, CLERK

OCT 0 1 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

GLENN A. CAPLE

INDICTMENT

NO.   3: 13CR-134-S

18 U.S.C. § 1001(a)

BACKGROUND

1. At all times relevant to this indictment, the defendant, **GLENN A. CAPLE** ("**CAPLE**") was the chief of police for the City of Hillview, Kentucky ("Hillview").

2. On January 4, 2012, defendant **CAPLE** and other officers from the Hillview Police Department were contacted by an elected official and asked to check the official's residence to see if police officers were present at the official's residence. Defendant CAPLE and other Hillview Officers traveled to the official's residence to investigate.

3. When defendant **CAPLE** and the other officers arrived, they discovered a backpack containing a suspected mobile methamphetamine lab on the official's property.

4. When defendant **CAPLE** learned that the suspected mobile methamphetamine lab had been discovered on the elected official's property, **CAPLE** told other Hillview police officers that the backpack containing the suspected mobile methamphetamine lab should be moved from the location where it was discovered on the property to a location off the property.

5. A Hillview police officer moved the backpack containing the suspected mobile methamphetamine lab from the elected official's property to a location behind a fence and away from the property.

6. When Special Agents of the Federal Bureau of Investigation investigating the events surrounding the suspected mobile methamphetamine lab interviewed defendant **CAPLE** on April 26, 2012, **CAPLE** denied that the suspected mobile methamphetamine lab had been found on the elected official's property, or that the suspected mobile methamphetamine lab had been moved from a location on the elected official's property to a location away from the property.

The Grand Jury charges:

## COUNT 1

On or about April 26, 2012, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **GLENN A. CAPLE**, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States by stating during an interview with Special Agents of the Federal Bureau of Investigation that a backpack, containing a suspected mobile methamphetamine lab, had not been found on the property of an elected official, the identity of whom is known to the Grand Jury, and that he, **GLENN A. CAPLE**, had not requested that an officer with the Hillview Police Department move the backpack to a location away from the property. The statements and representations were false because, as **GLENN A. CAPLE** then and there knew, a backpack containing a suspected mobile methamphetamine lab had been found on the property of the elected official, and that he, **GLENN A. CAPLE**, had

requested that an officer with the Hillview Police Department move the backpack away from the elected official's property.

In violation of Title 18, United States Code, Section 1001(a).

A TRUE BILL.

_____
DAVID J. HALE
United States Attorney

DJH:TWD:LS: 9/30/13

UNITED STATES OF AMERICA v. **GLENN A. CAPLE**

## PENALTIES

Count 1: NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

    For offenses occurring after December 12, 1987:

    No **INTEREST** will accrue on fines under $2,500.00.

    **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

    **PENALTIES** of:

    10% of fine balance if payment more than 30 days late.

    15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

    18 U.S.C. §§ 3612, 3613

    If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE: Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY 40202
502/625-3500

BOWLING GREEN: Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY 42101
270/393-2500

OWENSBORO: Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY 42301
270/689-4400

PADUCAH: Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY 42001
270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

THE UNITED STATES OF AMERICA
vs.
GLENN A. CAPLE

## INDICTMENT

**Title 18 U.S.C. § 1001(a):**
**Making False and Fraudulent Material Statements and Representations.**

*A true bill.*

_____             _____
                                                                          *Foreman*

*Filed in open court this* 1st day, *of* October, A.D. 2013.

_____
                                                                                       *Clerk*

*Bail, $*

_____

FILED
VANESSA L. ARMSTRONG, CLERK

OCT 0 1 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY