UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                               PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:13CR-134-CRS

GLENN CAPLE                                                                           DEFENDANT

UNITED STATES' PRETRIAL MEMORANDUM
*Electronically Filed*

The United States of America, by counsel, Assistant United States Attorney Thomas W. Dyke, respectfully submits this pretrial memorandum to assist the Court in presiding over this trial.

I.      INTRODUCTION

The defendant, Glenn A. Caple, is the chief of police for the City of Hillview, Kentucky. He has been charged by the Grand Jury with making material false statements to Special Agents of the FBI who were investigating the circumstances surrounding the alleged removal of a suspected methamphetamine lab from the back yard of the residence of the mayor of Hillview on January 4, 2012. The case is scheduled for trial on February 10, 2014.

A person who knowingly and willfully makes a materially false, fictitious, or fraudulent statement to a federal agent commits the crime of making false statements. 18 U.S.C. § 1001(a)(2). The United States must prove five elements: "(1) the defendant made a statement; (2) the statement is false or fraudulent; (3) the statement is material; (4) the defendant made the statement knowingly and willfully; and (5) the statement pertained to an activity within the jurisdiction of a federal agency." United States v. Siemaszko, 612 F.3d 450, 462 (6th Cir. 2010).

II.     EVIDENTIARY ISSUES AND OTHER TRIAL PROBLEMS

A. <u>Evidentiary Issues</u>

Through discussions with prior defense counsel, the United States believes that the defendant intends to attack the credibility of one of the government's witnesses by introducing evidence that the witness may, at best, have had time and attendance issues, or at worst, been paid his salary when he was not working. This fact, if it is true, the defendant contends, demonstrates a lack of veracity on the part of the witness. The United States believes the probative value of the anticipated impeachment in this case is diminished because the witness resigned from the previous employer in 2008, four years before the events leading to this case occurred. Additionally, the witness was not charged with a crime as a result. The proposed impeachment is irrelevant, but even if it did have some probative value, the probative value is outweighed by the Rule 403 considerations and should be excluded.

Evidence of a witness's character is generally not admissible. But, evidence tending to show a witness's character for truthfulness is admissible at the discretion of the court. The court must consider several factors when making a determination of whether or not to allow the evidence.

Perhaps most importantly, in making the determination of whether the evidence's probative value outweighs its prejudicial effect, the Court find must that the evidence tends to show the witness's character for untruthfulness. Evidence of a witness's character in general is prohibited, with the exception of evidence that would tend to show the witness's veracity. Fed. R. Evid. 608. The trial judge has broad discretion in determining whether the evidence is admissible for purposes of veracity, and that discretionary power is substantial. <u>United States v. Fortes</u>, 619 F.2d 108, 118 (1st Cir. 1980); <u>See also</u> <u>United States v. Nogueira</u>, 585 F.2d 23, 25 (1st Cir. 1978). But, the court must consider whether the evidence actually shows the witness's character for

truthfulness. The United States maintains that the evidence is not admissible under Fed. R. Evid. 608 and the evidence, if there is any, should not be allowed.

Not every bad act is considered probative of character for truthfulness. The Eleventh Circuit has said that "[t]o infer untruthfulness from any unethical act 'paves the way to the exception which will swallow the Rule.'" Ad-Vantage Tel. Dir. Consult. v. GTE Directories, 37 F.3d 1460, 1464 (11th. Cir. 1994)(quoting Weinstein's Evidence, ¶608[5] at 608-49 (1994)).

The Seventh Circuit has dealt with many cases that involve the interpretation and application of Fed. R. Evid. 608. The court suggests that there are three ways of looking at Rule 608(b): a broad view, a narrow view, and a middle view. United States v. Manske, 186 F.3d 770, 775 (7th Cir. 1999). The court immediately rejects the broad view as it agrees with the Fourth Circuit that the broad view would swallow the Rule. The Seventh Circuit then defines the narrow view in that it "considers a crime as bearing on veracity only if it involves falsehood or deception, such as forgery or perjury." *Id.* Other Circuits seem to follow this narrow rule, which considers only crimes that involve lying, fraud, or deceit. See United States v. Whitmore, 359 F.3d 609, 619 (D.C. Cir. 2004)("Nothing could be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath."); United States v. Amahia, 825 F.2d 177, 181 (8th Cir. 1987)("Rule 608(b) will permit inquiry into the specific acts which may have led to an arrest if those acts related to *crimen falsi, e.g.,* perjury**,** subornation of perjury, false statement, embezzlement, false pretenses."); United States v. Leake, 642 F.2d 715, 718 (4th Cir. 1981)(" Rule 608 authorizes inquiry only into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery, and embezzlement."); Ad-Vantage, at 1464 ("Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud.").

The Seventh Circuit claims to adopt the middle view in that it typically allows questioning that involves "behavior seeking personal advantage by taking from others in violation of their rights." Manske, at 775. The court has not restricted inquiry into specific instances of conduct solely relating to fraud, perjury, etc. The court also takes into consideration acts that "reflect adversely on a person's honesty and integrity" such as stealing. Id. (quoting Gordon v. United States, 383 F.2d 936, 940 (D.C.Cir.1967). The court's reasoning for this extension is that, "[a]s a practical matter, it is difficult to distinguish between untruthfulness and dishonesty." Varhol v. Nat'l R.R. Passenger Corp., 909 F.2d 1557, 1567 (7th Cir. 1990).

The Sixth Circuit has not expounded on the issue quite like the Seventh has. But, its rulings tend to show that the Sixth Circuit most likely follows the narrow rule and requires that the past instance of conduct be analogous to fraud or perjury. See United States v. Hurst, 951 F.2d 1490, 1501 (6th Cir. 1991)(The district court did not abuse its discretion when allowing testimony about the witness's past conduct of bribery because "The conduct was not merely bribery ... but subornation of perjury."); United States v. Hatchett, 918 F.2d 631, 641 (6th Cir. 1990)(Court allowed questioning about a witness's failure to file tax returns under FRE 608, but only because it showed the witness's possible bias, which reflects on character for truthfulness.)

In this case, the United States believes that there has been no finding that the witness was untruthful. When the issue was brought to the witness's attention, he resigned from the department and became employed by the Hillview Police. To the United States' knowledge, there has been no civil, criminal or administrative action by any agency that determined that the witness intentionally or unintentionally violated any statute or was untruthful. Rule 608(b) cross-examination is subject to the balancing test embodied in Rule 403. The Court is required to balance the probative value of the evidence against the dangers of unfair prejudice, cumulative

4

testimony, and the like. The probative value of the anticipated impeachment in this case is diminished because the witness resigned from the previous employer in 2008, four years before the events leading to this case occurred. Additionally, the witness was not charged with a crime as a result. The proposed impeachment is irrelevant, but even if it did have some probative value, the probative value is outweighed by the Rule 403 considerations and should be excluded.

B. Other trial problems

The United States has learned that one of its witnesses has leave scheduled for the week during which the trial of this case is scheduled. The parties discussed the possibility of a deposition but ultimately decided that live presentation of the witness was preferable, so the United States has agreed to provide the witness with transportation to and from Louisville while he is on leave. The United States is not aware of any other problems related to the trial of this case at this time.

III. PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

INSTRUCTION NO._____

COUNT 1: MAKING A FALSE STATEMENT IN A MATTER WITHIN
THE JURISDICTION OF THE UNITED STATES GOVERNMENT
(18 U.S.C. § 1001(a)(2))

The defendant is charged with making a false statement in a matter within the jurisdiction of the United States government. For you to find the defendant guilty of this offense, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the defendant made a statement;

Second, that the statement was false;

Third, that the statement was material;

Fourth, that the defendant acted knowingly and willfully; and

Fifth, that the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

Now, I will give you more detailed instructions on some of these terms.

A statement is "false" if it was untrue when it was made, and the defendant knew it was untrue at that time.

A "material" statement is one that has the natural tendency to influence or is capable of influencing a function of the Federal Bureau of Investigation.

An act is done "knowingly and willfully" if it is done voluntarily, intentionally and, purposely, and with knowledge that the conduct was, in a general sense, unlawful, and not because of mistake or some other innocent reason.   That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

A matter is "within the jurisdiction of the executive branch of the United States government" if the Federal Bureau of Investigation has the power to exercise authority in that matter.

It is not necessary that the government prove that the defendant knew the matter was within the jurisdiction of the United States government.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

Authority: <u>Bryan v. United States</u>, 524 U.S. 184, 191, 194 (1988); Pattern Crim. Jury Instr. 6th Cir. § 13.02 (2013).

INSTRUCTION NO._____

EXPERIMENTS, RESEARCH, INVESTIGATION
AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this

courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Authority: Pattern Crim. Jury Instr. 6th Cir. § 8.02 (2013)

INSTRUCTION NO._____

PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.   It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority: Pattern Crim. Jury Instr. 6th Cir. § 8.05 (2013)

IV.   PROPOSED VOIR DIRE QUESTIONS

The United States tenders herewith its proposed voir dire questions.

Respectfully submitted,
JOHN E. KUHN, JR.
Acting United States Attorney

S/Thomas W. Dyke
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911 (phone)
(502) 582-5912 (fax)

CERTIFICATE OF SERVICE

On January 27, 2015, I electronically filed this document through the ECF system, which will send a notice of electronic filing to Steven R. Romines, Counsel for the defendant

s/ Thomas W. Dyke
Assistant United States Attorney