

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:13CR-134-CRS |
| GLENN A. CAPLE | DEFENDANT |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a point is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

The indictment charges the defendant with knowingly and willfully making a false statement to an agency of the United States.

The defendant can be found guilty of the crime charged in the indictment only if all of the following facts are proved beyond a reasonable doubt:

First: That on or about April 26, 2012, the defendant, Glenn A. Caple, stated to Special Agents of the Federal Bureau of Investigation (FBI) that a backpack containing a suspected mobile methamphetamine lab had not been found on the property of an elected official or that he, Glenn A. Caple, had not requested that an officer with the Hillview Police Department move the backpack to a location away from the property, or that he made both of these statements;

Second: That the statement or statements were false;

Third: That the statement or statements were material;

Fourth: That the defendant acted knowingly and willfully; and

Fifth: That the statement or statements pertained to a matter within the jurisdiction of the executive branch of the United States Government.

The United States is not required to prove both of these statements for you to return a guilty verdict as to this charge. Proof beyond a reasonable doubt of all of the elements as to one or the other statement is sufficient. Therefore, in order for you to return a guilty verdict, all twelve of you must agree that all required elements have been proven beyond a reasonable doubt as to one or the other or both of the statements. You must unanimously agree as to which statement or statements have been so proven.

A statement is "false" if it was untrue when it was made and the defendant knew it was untrue at that time.

A "material" statement is one that has the natural tendency to influence or is capable of influencing a decision of the Federal Bureau of Investigation.

A matter is "within the jurisdiction of the United States government" in this instance if the Federal Bureau of Investigation (FBI) has the power to exercise authority in the matter. I instruct you as a matter of law that the FBI is an agency of the executive branch of the United States government. I further instruct you as a matter of law that an investigation by the FBI of possible violations of the provisions of Title 18 of the United States Code is a matter within the jurisdiction of the executive branch of the United States government.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

You will note that the indictment charges that the crime was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

The defendant is on trial only for the specific crime alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinions and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the other jurors think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

FILED
VANESSA L. ARMSTRONG, CLERK

OCT 01 2013

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

INDICTMENT

v.

NO.  3:13CR-134-S

18 U.S.C. § 1001(a)

**GLENN A. CAPLE**

## BACKGROUND

1. At all times relevant to this indictment, the defendant, **GLENN A. CAPLE** ("**CAPLE**") was the chief of police for the City of Hillview, Kentucky ("Hillview").

2. On January 4, 2012, defendant **CAPLE** and other officers from the Hillview Police Department were contacted by an elected official and asked to check the official's residence to see if police officers were present at the official's residence. Defendant **CAPLE** and other Hillview Officers traveled to the official's residence to investigate.

3. When defendant **CAPLE** and the other officers arrived, they discovered a backpack containing a suspected mobile methamphetamine lab on the official's property.

4. When defendant **CAPLE** learned that the suspected mobile methamphetamine lab had been discovered on the elected official's property, **CAPLE** told other Hillview police officers that the backpack containing the suspected mobile methamphetamine lab should be moved from the location where it was discovered on the property to a location off the property.

5. A Hillview police officer moved the backpack containing the suspected mobile methamphetamine lab from the elected official's property to a location behind a fence and away from the property.

6. When Special Agents of the Federal Bureau of Investigation investigating the events surrounding the suspected mobile methamphetamine lab interviewed defendant **CAPLE** on April 26, 2012, **CAPLE** denied that the suspected mobile methamphetamine lab had been found on the elected official's property, or that the suspected mobile methamphetamine lab had been moved from a location on the elected official's property to a location away from the property.

The Grand Jury charges:

## COUNT 1

On or about April 26, 2012, in the Western District of Kentucky, Bullitt County, Kentucky, the defendant, **GLENN A. CAPLE**, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States by stating during an interview with Special Agents of the Federal Bureau of Investigation that a backpack, containing a suspected mobile methamphetamine lab, had not been found on the property of an elected official, the identity of whom is known to the Grand Jury, and that he, **GLENN A. CAPLE**, had not requested that an officer with the Hillview Police Department move the backpack to a location away from the property. The statements and representations were false because, as **GLENN A. CAPLE** then and there knew, a backpack containing a suspected mobile methamphetamine lab had been found on the property of the elected official, and that he, **GLENN A. CAPLE**, had

requested that an officer with the Hillview Police Department move the backpack away from the elected official's property.

In violation of Title 18, United States Code, Section 1001(a).

A TRUE BILL.

*[signature: Laura B Hall]*

DAVID J. HALE
United States Attorney

DJH:TWD:LS: 9/30/13

2

# VERDICT FORM

| | |
|---|---|
| **United States District Court** | **District** <br> Western District of Kentucky |
| **Case Title** <br> UNITED STATES OF AMERICA <br><br> v. <br><br> GLENN A. CAPLE | **Docket No.** <br><br><br> CRIMINAL ACTION NO. 3:13CR-134-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:

The defendant, Glenn A. Caple, _____ as to Count 1 of the indictment.
              (guilty/not guilty)

| Foreperson's Signature | Date |
|---|---|
| | |